UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,
100 F Street, N.E.
Washington, D.C. 20549,

          Plaintiff,

  v.

CITIGROUP INC.,

          Defendant.

Civil Action No.
10-cv-1277-ESH

## AMENDED CONSENT OF DEFENDANT CITIGROUP INC.

1. Defendant Citigroup Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment as to Defendant Citigroup Inc. ("Final Judgment") in the form attached hereto and incorporated by reference herein, which, among other things:

    a. permanently restrains and enjoins Defendant from violating Section 17(a)(2) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)(2)], Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78m(a)], and

       Exchange Act Rules 12b-20 and 13a-11 [17 C.F.R. §§240.12b-20 and 240.13a-11];

   b.    orders Defendant to pay disgorgement in the amount of $1.00;

   c.    orders Defendant to pay a civil penalty in the amount of $75,000,000.00 under 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]; and

   d.    orders Defendant to comply with its undertakings related to its policies, practices, and procedures concerning the disclosure of Defendant's earnings and other information related to Defendant's financial performance in quarterly press releases.

3.    Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment will be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the

United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.     Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including, but not limited to, payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.     Defendant agrees that the costs associated with the distribution of the money paid in disgorgement and penalty pursuant to the Final Judgment and pursuant to a plan of distribution proposed by the Commission and approved by the Court will not be paid from that money paid in disgorgement and penalty but rather will be paid separately by Defendant.

6.     For a period of three (3) years from the date of the entry of the Final Judgment, Defendant agrees to comply with the following undertakings related to its

policies, practices, and procedures concerning the disclosure of Defendant's earnings and other information related to Defendant's financial performance in quarterly press releases ("Disclosure Policies, Practices, and Procedures"):

    a. Defendant will maintain its Disclosure Committee and the Disclosure Committee's Charter and Disclosure Controls and Procedures governing the processes and responsibilities around Defendant's public reporting. The Disclosure Committee annually will review the Disclosure Committee Charter and Disclosure Controls and Procedures, and any recommended changes will be made with oversight by Defendant's Chief Executive Officer and Chief Financial Officer;

    b. Defendant will maintain an Earnings Subcommittee of its Disclosure Committee -- comprised of Defendant's Head of Investor Relations; Controller and Chief Accounting Officer; and General Counsel, Capital Markets and Corporate Reporting – to oversee the preparation and review of Defendant's quarterly earnings press releases;

    c. Prior to the release of Defendant's quarterly earnings information, each of the individuals identified below involved in the preparation and/or review of that information shall sign and date a Statement of Accountability that includes the following representation:

> Further, we have reviewed the earnings press release, earnings presentation/analyst deck and CFO script and, as of the date hereof, such documents do not contain any untrue statements of material fact, or omit to state a

       material fact necessary to make the statements made therein not misleading with respect to Citi.

       The individuals required to sign a Statement of Accountability include (i) the chief executive officer and chief financial officer, or individuals holding equivalent positions, of each of Defendant's business segments; (ii) representatives of Defendant's Finance organization, including the Controller and representatives of the Financial Planning and Analysis, Tax, and Treasury departments; (iii) Defendant's Chief Administrative Officer; (iv) Defendant's Vice Chairmen; and (v) representatives of Defendant's Investor Relations, Legal, Compliance, Audit & Risk Review, Public Affairs, and Risk departments;

d.    On a quarterly basis, Defendant's Disclosure Committee shall execute a certification addressed to Defendant's Chief Executive Officer and Chief Financial Officer regarding the effectiveness of Defendant's disclosure controls and procedures as of the end of each quarterly period;

e.    If Defendant wishes to make a material change to its then-existing Disclosure Policies, Practices, and Procedures, Defendant will retain, pay for, and enter into an agreement with an independent consultant ("Independent Consultant") not unacceptable to Securities and Exchange Commission ("Commission") staff to make certain determinations with respect to any such proposed material change to Defendant's then-existing Disclosure Policies,

Practices, and Procedures. Defendant may not make a material change to its then-existing Disclosure Policies, Practices, and Procedures without the written approval of the Independent Consultant. The agreement with the Independent Consultant will include the following provisions:

    i. Defendant, prior to the implementation of the proposed material change(s), (aa) will provide written notice of the proposed change(s) to the Independent Consultant, (bb) will provide the Independent Consultant with a complete description of the proposed change(s) and the reasons for the change(s), and (cc) thereafter promptly will provide such additional information about the change(s) as the Independent Consultant requests;

    ii. The Independent Consultant will evaluate the proposed material change to determine the impact of the change on Defendant's then-existing Disclosure Policies, Practices, and Procedures;

        aa. If the Independent Consultant determines that the proposed change enhances or otherwise does not reduce the effectiveness of Defendant's then-existing Disclosure Policies, Practices, and Procedures, the Independent Consultant will provide Defendant with a written notice of this

      determination and that Defendant may implement the proposed change. The Independent Consultant concurrently will provide the Commission's Director of the Division of Enforcement with a copy of such written notice; and

  bb. If the Independent Consultant determines that a proposed change would make Defendant's then-existing Disclosure Policies, Practices, and Procedures less effective, the Independent Consultant will provide Defendant with a written notice of this determination and the reasons for the determination. The Independent Consultant concurrently will provide the Commission's Director of the Division of Enforcement with a copy of such written notice. Following the receipt of the notice from the Independent Consultant, Defendant may propose a change to its then-existing Disclosure Policies, Practices, and Procedures to address the reasons for the Independent Consultant's determination;

iii. The Independent Consultant shall have the right to request that Defendant provide the Independent Consultant with such documents and other information as the Independent

            Consultant determines are necessary for the performance of the Independent Consultant's responsibilities. Defendant promptly shall provide such information to the Independent Consultant;

  iv.    The Independent Consultant shall keep the original of all requests for changes to Defendant's Disclosure Policies, Practices, and Procedures; a copy of all notices of determinations and the reasons for those determinations that the Independent Consultant provides to Defendant; and such other documents as the Independent Consultant makes or receives in connection with the performance of his or her responsibilities. The Independent Consultant shall retain these documents at least until the later of six (6) years from the date of entry of the Final Judgment or three (3) years following the conclusion of the Independent Consultant's responsibilities for making determinations with respect to proposed changes to Defendant's Disclosure Policies, Practices, and Procedures;

  v.    The Independent Consultant shall provide Commission staff with such documents and other information related to the Independent Consultant's responsibilities as the Commission staff requests. The Independent Consultant's relationship with Defendant shall not be treated as one

        between an attorney and client. The Independent Consultant will not assert the attorney-client privilege, the protection of the work-product doctrine, or any privilege as a ground for not providing any information requested by Commission staff; and

vi.    For the period of engagement and for a period of two years from completion of the engagement, the Independent Consultant shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such. In addition, the Independent Consultant will require that any firm with which the Independent Consultant is affiliated or of which the Independent Consultant is a member, and any person engaged to assist the Independent Consultant in performance of the Independent Consultant's duties under the Final Judgment shall not, without prior written consent of the Commission's Director of the Division of Enforcement, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such for the

period of the engagement and for a period of two years after the engagement.

7. Defendant further undertakes to certify, in writing, compliance with the undertakings set forth above in paragraph 6 of this Amended Consent of Defendant Citigroup Inc. ("Amended Consent"). The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to the Commission's Director of the Division of Enforcement, with a copy to the Office of Chief Counsel of the Commission's Division of Enforcement, no later than sixty (60) days from the date of the completion of the undertakings.

8. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

9. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

10. Defendant enters into this Amended Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Amended Consent.

11. Defendant agrees that this Amended Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

12. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

13. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

14. Consistent with 17 C.F.R. § 202.5(f), this Amended Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative

proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

15. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Amended Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

16. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

17. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to encourage its officers, directors, and employees to appear and be interviewed by Commission staff, or to give testimony under oath, at such times and places as the staff requests upon reasonable notice; (ii) will completely and truthfully disclose all non-privileged information in its possession to the Commission about which the Commission may inquire; (iii) will provide non-privileged testimony or other non-privileged information needed to establish the original location, authenticity, or other basis for admission into evidence of documents or physical evidence in any proceeding as requested by the Commission; (iv) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (v) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (vi) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (vii) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

18. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

19. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _Oct 7 2010_

CITIGROUP INC.
By: _[signature]_
Name:
Title: Paul J. Mode Jr.
Address: Assistant Secretary + Special Counsel
399 Park, NY, NY

On _October 7_, 2010, _Paul J. Mode Jr._, a person known to me, personally appeared before me and executed executing the foregoing Amended Consent of Defendant Citigroup Inc. with full authority to do so on behalf of Citigroup Inc. as its _Assistant Secretary + Special Counsel_.

_[signature]_
Notary Public
Commission expires:

JACQUELINE WOOD
Notary Public, State of New York
No. 01WO6188144
Qualified in New York County
Commission Expires June 2, 2012

Approved as to form:

_[signature]_
Brad S. Karp, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3316
Attorney for Defendant

14

## CITIGROUP INC. CERTIFICATE OF CORPORATE RESOLUTION

I, Shelley J. Dropkin, do hereby certify that I am the duly elected, qualified and acting Assistant Secretary of Citigroup Inc. ("Citigroup"), a Delaware corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of Citigroup at a meeting held on October 7, 2010, at which a quorum was present and resolved as follows:

RESOLVED: That Paul J. Mode, an Officer of this Corporation, be and hereby is authorized to act on behalf of the Corporation, and in his or her sole discretion, to negotiate, approve, and make, in connection with the investigation conducted by the United States Securities and Exchange Commission ("Commission"), the Amended Consent of Defendant Citigroup Inc., attached hereto, in an action captioned Securities and Exchange Commission v. Citigroup Inc. in the United States District Court for the District of Columbia ("Court"); in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as he or she may deem necessary and advisable, including the execution of such documentation as may be required by the Commission or the Court, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this 7th day of October, 2010.

By: _____
Name: Shelley J. Dropkin
Title: Assistant Secretary
Citigroup Inc.

Notary

STATE OF NEW YORK ) 
                  ) SS:
COUNTY OF NEW YORK )

Sworn to before me this 7th day of Oct, 20 10

JACQUELINE WOOD
Notary Public, State of New York
No. 01WO6188144
Qualified in New York County
Commission Expires June 2, 2012

15